IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLARD GREEN,

                 Petitioner,

        v.                          CASE NO. 12-3015-SAC

SEDGWICK COUNTY,
KANSAS,

                 Respondent.

**O R D E R**

This petition for writ of habeas corpus was filed on forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Having examined the materials filed, the court finds as follows.

**FILING FEE**

The fee for filing a habeas corpus petition in federal court is $5.00.  Mr. Willard has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP).  28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and petitioner will be given time to submit a proper motion.  This action may not proceed until he has either paid the fee or submitted

a motion that conforms to the requirements of Section 1915(a).  If he fails to do either within the time allotted this action may be dismissed without further notice.

**ALLEGATIONS AND CLAIMS**

The very few allegations in the petition indicate that Mr. Green is attempting to attack a conviction or convictions and sentences entered against him on September 1, 1987, after trial by jury in Sedgwick County, Kansas.  On-line records regarding offenders in the custody of the Kansas Department of Corrections indicate that Mr. Green is serving a life sentence concurrent with other sentences imposed on September 22, 1987, for three offenses: First Degree Murder, Aggravated Assault, and Unlawful Possession of a Firearm (Case 87-CR-605).

Petitioner alleges that he appealed, and one case was overturned in 1989, which apparently was a second murder conviction for the death of a fetus.  He states that other than his direct appeal he has filed no court actions.

As ground 1 for this federal petition, Mr. Green writes "Ineffective counsel by public defender."  He alleges no supporting facts as to this claim.  As ground 2, he writes "overturned murder conviction" and again states no supporting facts.  Finally, petitioner states, "State overturn of murder fetus charge."

**DEFICIENCIES**

There are several deficiencies in this pleading.  First, if indeed Mr. Green seeks to challenge his 1987 state convictions, he must do so by filing a petition under 28 U.S.C. § 2254.  He may not

challenge a state conviction by petition under § 2241, which may be used instead to challenge the execution of one's sentence.

Second, Mr. Green states no clear legal claim and no facts whatsoever that might entitle him to habeas corpus relief in federal court.[1]  He must state a recognizable claim for habeas relief and allege sufficient facts to support that claim.

Third, it plainly appears that a habeas petition challenging state convictions that were entered in 1987 would be time-barred under the one-year statute of limitations applicable to federal habeas actions.

Fourth, despite Mr. Green's contrary statement, this appears to be a second and successive application for federal habeas corpus relief.  And there is no indication that Mr. Green first sought and obtained authorization from the Tenth Circuit Court of Appeals to file a second and successive application as is required by 28 U.S.C. § 2244(b)(3)(A).  The court takes judicial notice of court records showing that Mr. Green filed a prior § 2254 petition, that was denied on the merits.  See Green v. Roberts, 798 F.Supp. 649 (D.Kan. 1992), aff'd 13 F.3d 405, 1993 WL 523196 (10th Cir. 1993), cert. denied, 511 U.S. 1090 (1994).

Petitioner is given time to submit his claims upon the proper forms, to state claims and facts in support therein, and to allege facts in his petition showing why this action should not be dismissed as time-barred.  Furthermore, petitioner must show that he has obtained prior authorization to file a second and successive application under 28 U.S.C. § 2254.  Otherwise, this court lacks

---

[1]      The court does not express any opinion as to the merits of Mr. Green's potential claims, but simply finds facts are not presented.

jurisdiction to consider the petition, and it must be dismissed.  If he fails to cure all these deficiencies and comply with the court's orders within the time allotted this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to (1) satisfy the filing fee by either paying the fee or submitting a properly supported motion to proceed in forma pauperis, (2) to file his claims on properly completed, court-provided § 2254 forms, (3) to state sufficient claims for relief and facts in support, (4) to show cause why this action should not be dismissed as time-barred, and (5) to show cause why this action should not be dismissed for lack of jurisdiction because he has not obtained authorization to file a second and successive petition from the Tenth Circuit.

The clerk is directed to send § 2254 forms and IFP forms to Mr. Green.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4