```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**WILLARD GREEN,**

                    **Petitioner,**

              v.                  CASE NO. 12-3015-SAC

**SEDGWICK COUNTY,**
**KANSAS,**

                    **Respondent.**

### O R D E R

      This petition for writ of habeas corpus was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. On January 30, 2012, an order was entered herein in which petitioner was granted time to satisfy the filing fee, submit his claims upon the proper forms, state sufficient claims for relief and facts in support, show cause why this action should not be dismissed as time barred, and show cause why this action should not be dismissed for lack of jurisdiction because it is second and successive and authorization from the Tenth Circuit had not been obtained.

      In response, Mr. Green has filed a Motion to Proceed in forma pauperis, which the court finds should be granted. In addition, Mr. Green has submitted his petition on forms for filing under 28 U.S.C. § 2254. Having considered Mr. Green's new petition, the court finds as follows.

**ALLEGATIONS AND CLAIMS**

      Mr. Green seeks to attack his convictions of First Degree

Murder, Aggravated Assault, and Unlawful Possession of a Firearm and the sentences entered against him on September 1, 1987, after a trial by jury in Sedgwick County, Kansas (Case 87-CR-605).

Petitioner states that he directly appealed to and through the Kansas Court of Appeals (KCA). However, the published opinion regarding his direct criminal appeal shows that he appealed to the Kansas Supreme Court instead. State v. Green, 245 Kan. 398, 781 P.2d 678 (Kan. 1989). In this appeal, one of his two convictions for murder, that for the death of a fetus, was overturned. He states that other than this direct appeal he has filed no actions in state court.

As ground 1 for this federal petition, Mr. Green claims "Ineffective Assistance of Counsel by Public Def." In support, he alleges that counsel did not raise issues of self defense including possibility that defendant was incoherent due to a seizure, never informed Green of his rights, and never informed Green of "the possibily (sic) to file this through courts within the one year time after appeals was (sic) over." He alleges that he raised this claim on direct appeal, however, the published opinion does not mention a claim of ineffective assistance of counsel.

As ground 2, petitioner claims that the prosecutor improperly commented during closing arguments regarding his post-arrest silence. It appears that this claim was raised and rejected on direct appeal. Mr. Green's references to prosecution by other evidence do not clearly support this ground or adequately state a separate claim.

As ground 3, petitioner claims that the judge should have granted a mistrial or given curative instructions because the evidence was not overwhelming and "the polygraph is not (admissible) in a court of law." Petitioner raised a similar ground in his direct appeal.

**PETITION IS TIME BARRED**

As Mr. Green was informed in the court's prior Order, it plainly appears that this federal habeas corpus petition challenging his convictions entered in 1987 is time-barred under the one-year statute of limitations applicable to federal habeas actions. See 28 U.S.C. § 2244(d). His direct criminal appeal was "final" years before the statute of limitations was promulgated, which was on April 24, 1996. It is well-settled that for a state prisoner whose conviction became final before the effective date, the one-year statute of limitations does not begin to run until April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, the one-year statute of limitations in this case began to run on April 24, 1996. It follows that, unless the limitations period was tolled in some manner, it expired a year later on April 24, 1997.

Petitioner was directed in the court's prior order to show in his form petition why this action should not be dismissed as time barred. In response to the question in his petition regarding timeliness, he states: "Ineffective Assistance of Counsel. Def. Office did not fight at all for me. Some issues was not raised at

3

all." None of these are facts showing why this petition should not be dismissed as time barred. Petitioner has alleged that he filed no actions in state court after the Kansas Supreme Court affirmed his three convictions in October, 1989. Thus, he is not entitled to statutory tolling during the pendency of any state post-conviction proceedings because there were none. Petitioner's bald allegation that his counsel was ineffective and that issues were not raised are clearly not facts showing that he is entitled to equitable tolling. The court concludes that petitioner has failed to allege facts entitling him to either statutory or equitable tolling, and that this action should be dismissed as time barred as a result.

**PETITION IS SECOND AND SUCCESSIVE**

Petitioner was also directed in the court's prior order to show why this action should not be dismissed for lack of jurisdiction for the reason that he did not obtain prior authorization from the Tenth Circuit Court of Appeals before filing this second and successive federal habeas corpus application. Petitioner does not adequately address this issue, and merely responds to the question on his form petition regarding successive applications that he has not previously filed any petition in federal court regarding these convictions. Contrary to this statement, the court previously took judicial notice of court records showing that Mr. Green filed a prior § 2254 petition challenging his 1987 convictions, that was denied on the merits.

4

See Green v. Roberts, 798 F.Supp. 649 (D.Kan. 1992), aff'd 13 F.3d 405, 1993 WL 523196 (10th Cir. 1993), cert. denied, 511 U.S. 1090 (1994).  The court finds that the instant application is a second or successive petition.  Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), cert. denied, 535 U.S. 973 (2002).  Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court to consider the petition. Id.  Petitioner in this case did not comply with the provisions of § 2244(b), but filed this petition without obtaining prior authorization from the Tenth Circuit.  As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in the petition.  In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008); see United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).  This district court could transfer this action pursuant to 28 U.S.C. § 1631[1] to the Tenth Circuit for consideration of prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction.  In re Cline, 531 F.3d at 1252.

       The court finds that the interest of justice would not be

---

[1] Section 1631 provides in relevant part:

> Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

5

served by transfer of the instant action to the Tenth Circuit, and that it should be dismissed instead.  The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit.  See id. at 1251.

  The first consideration does not support transfer in this case because the statutory requirement for prior authorization of second or successive habeas petitions has been in effect for many years, making it difficult for petitioner to show that the initial filing of his petition in this Court was done in good faith.  See id at 1252.  Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period.  Petitioner's first application was timely, but the one-year statute of limitations clearly expired prior to his filing of the instant petition.  See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000).  Moreover, this second habeas application is not an amendment, but a separate petition filed more ten years after petitioner's first federal application.  See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000).  Finally, the facts showing this case is time-barred lead the court to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

For the foregoing reasons, the court declines to transfer this Petition to the Tenth Circuit, and instead finds it should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3). Petitioner's motion to appoint counsel has been considered and is denied as this court lacks jurisdiction to hear petitioner's habeas claims.[2]

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) is granted and his Motion to Appoint Counsel (Doc. 5) is denied.

**IT IS FURTHER ORDERED** that this action is dismissed as time barred and for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[2] This motion is actually correspondence from plaintiff seeking legal representation that was apparently sent by him to the court. It was then liberally construed and docketed as a motion for counsel in this his only pending case. If Mr. Green wishes to file an action alleging denial of medical treatment for a bullet lodged near his spine and trachea, he must file a separate complaint pursuant to 42 U.S.C. § 1983, which must be submitted upon forms provided without cost by the clerk of the court upon written request.